IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JUAN PONCIANO GARCIA GARCIA,<br><br>　Petitioner,<br><br>v.<br><br>KRISTI NOEM et al.,<br><br>　Respondents. | §<br>§<br>§<br>§<br>§<br>§　CAUSE NO. EP-26-CV-526-KC<br>§<br>§<br>§<br>§ |

## ORDER

On this day, the Court considered Juan Ponciano Garcia Garcia's Petition for a Writ of Habeas Corpus, ECF No. 1. Garcia is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 53–84.

Garcia has been in the country since 2010 and was apprehended and detained by immigration authorities in November 2025.[1] Resp. 3, ECF No. 7. On March 2, 2026, Garcia was ordered removed but "the order is not final yet." *Id.* In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Garcia's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Garcia's case warrant a different outcome." *Id.*

---

[1] Garcia alleges that he has been in the country since 2005 and was apprehended and detained by immigration authorities for the first time on October 29, 2025. Pet. ¶¶ 15, 18. This differs from Respondents' dates of 2010 and November 2025. Respondents purport to derive those dates from Garcia's Petition, though the Petition contains no such dates. *See* Resp. 3 (citing Pet. ¶¶ 28–29). These differences are nondispositive. Therefore, the Court accepts Respondents' facts as stated and grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

Respondents missed their deadline to respond, and the Court ordered Respondents to show cause for the failure.  March 3, 2026, Order, ECF No. 5.  Respondents now state they failed to timely file the response because counsel "was assigned a case called 'Garcia Garcia'" which he mistook for another case with the same name and "prepared and filed a response in that matter."  Resp. Show Cause, ECF No. 6.  Just last week, Respondents, through a different attorney in the same office, "mistakenly filed a response to another case with the same last name."  *See* Resp., *Nguyen v. Bondi*, No. EP-26-cv-20-KC, ECF No. 10.  Respondents' counsel are reminded of their duty of diligence.  They must implement procedures to avoid the repeated recurrence of such mistakes and ensure that they are filing documents in the correct cases.

Turning to the merits, Respondents argue that Garcia's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Garcia argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory and constitutional due process grounds.  Pet. ¶¶ 53–69.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Garcia's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citation omitted).  Other "[f]ederal

district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–24, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Garcia's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Garcia's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record, and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Garcia's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, <u>**on or before March 13, 2026**</u>, Respondents shall either: (1) provide Garcia with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Garcia's

---

[2] As to Garcia's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

continued detention; or (2) release Garcia from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before March 13, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Garcia has been released from custody. If Garcia has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Garcia is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the March 13, 2026, deadlines**</u>.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED** this 6th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE